J. S53036/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| AVRON HOLLAND, | : | No. 3020 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 20, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-1206740-2004,
CP-51-CR-1206741-2004

BEFORE:  BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED SEPTEMBER 11, 2017**

Avron Holland appeals **pro se** from the September 20, 2016 order

dismissing his serial petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the relevant facts of this case as follows.

> The evidence elicited at trial revealed that on
> April 21, 2003, at approximately 11:30 p.m.,
> appellant, Michael Farrell and the decedent, Michael
> Jones, Jr. [(hereinafter, "the victim")], were standing
> together talking at 60th and Market Streets in the
> City and County of Philadelphia.  Appellant was
> standing about ten feet away from them. Farrell
> heard a gunshot and ducked.  He did not see where
> the shot came from.  When Farrell looked up, he saw
> [the victim] on the ground with a gunshot wound to
> the right side of his head.  He observed appellant still
> in the position he had been in before the gunshot.
> He also observed a small black gun on the ground
> about a foot in front of appellant.  Farrell ran to [the

victim's] car which was parked a short distance away, retrieved [the victim's] cell phone and dialed 911. Meanwhile, appellant flagged down Gregory Brooks, a "hack" cab driver, and asked him to take [the victim] to the hospital. On his way back to the corner, Farrell observed appellant and Brooks attempting to place [the victim] in the back seat of Brooks' 1999 green Honda Accord. Farrell assisted with getting Brooks into the back seat and appellant got into the front passenger seat. Appellant had a white towel in his hand which he placed beneath the passenger seat of Brook[s'] car. Farrell returned to [the victim's] car.

Brooks and appellant transported [the victim] to the Misericordia Hospital emergency room. During the ride to the hospital, appellant was bending over the car's seat telling [the victim] he was going to be alright while he rifled through [the victim's] pockets. When they arrived at the hospital both men got out and went into the emergency room to get help. The police arrived at approximately the same time, asked appellant and Brooks their names and told them to wait so that they could be interviewed. Appellant gave the false name, Malik Jones, with an address of 44 North Felton Street. Before the police could speak with him, appellant left the hospital. [The victim's] cell phone was turned over to his father, Michael Jones, Sr. The senior Jones, in response to information he received from one of his son's friends, called appellant from his son's cell phone which had appellant's information already programmed into it, and asked appellant why he had shot his son. Appellant reported that it was an accident; the gun dropped and went off. Appellant called the cell phone several times, attempting to explain what happened.

Gregory Brook[s]'s independent or "hack" cab, the 1999 green Honda Accord, was impounded and transported to the police crime lab for processing directly from the emergency room area of Misericordia Hospital. Leo Rahill of the Police Crime

Scene Unit[,] who processed the vehicle, discovered two firearms concealed beneath the front passenger seat where appellant had been sitting: a semiautomatic .9 millimeter Ruger serial number 310–26514, fully loaded and a[n] INA .38 Special revolver, serial number 059694 and 4 of 5 cartridges and a fired cartridge case still in the cylinder. Brooks testified that he had just cleaned his vehicle and there were no guns in the car prior to this incident. Police Officer Robert Stott of the Firearms Identification Unit received the .9 millimeter semiautomatic and the .38 Special, several pieces of ballistic evidence removed from the body of [the victim] by the medical examiner who performed the autopsy; a bullet jacket, bullet fragment and lead fragment. Officer Stott concluded that the bullet jacket was fired from the .38 Special confiscated from beneath the seat of Brook[s]'s vehicle. He was unable to determine if the bullet fragment and the lead fragment came from the .38 Special to a degree of scientific certainty. In addition to testing the ballistic evidence, Officer Stott conducted a trigger pull test on each of the firearms to determine how much weight it took to pull the trigger and fire the weapon. He determined that the .38 Special required 4.5 to 5 pounds of pressure in the single mode and 15 to 15.5 pounds of pressure in the double mode.

PCRA court opinion, 2/7/12 at 1-4.

On January 10, 2006, a jury found appellant guilty of first-degree murder[1] in connection with this incident, and the trial court sentenced appellant to life imprisonment that same day. Appellant filed post-sentence motions which were subsequently denied by the trial court on January 20, 2006. On June 4, 2007, a panel of this court affirmed appellant's judgment

---

[1] 18 Pa.C.S.A. § 2502.

of sentence, and our supreme court denied his petition for allowance of appeal on December 14, 2007. ***See Commonwealth v. Holland***, 931 A.2d 46 (Pa.Super. 2007) (unpublished memorandum), ***appeal denied***, 938 A.2d 1052 (Pa. 2007). On July 23, 2008, appellant filed a timely first PCRA petition and counsel was appointed. On March 8, 2010, the PCRA court granted appellant's request to proceed ***pro se*** following a ***Grazier***[2] hearing. The PCRA court subsequently dismissed appellant's petition on September 23, 2011, and a panel of this court affirmed the PCRA court's order on January 11, 2013. ***See Commonwealth v. Holland***, 64 A.3d 274 (Pa.Super. 2013), ***appeal denied***, 70 A.3d 809 (Pa. 2013). On July 3, 2013, our supreme court denied appellant's petition for allowance of appeal, and appellant did not file a petition for writ of ***certiorari*** with the United States Supreme Court. ***Id.***

Appellant filed the instant PCRA petition, his second, on July 6, 2015. The PCRA court appointed Robin Godfrey, Esq. (hereinafter "PCRA counsel"), to represent appellant, who ultimately requested leave to withdraw in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***). On August 3, 2016, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Thereafter, on August 19, 2016, the PCRA court

---

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

entered an order denying appellant's request for an extension of time to respond to the August 3, 2016 order. Appellant filed a premature *pro se* notice of appeal on September 13, 2016.[3] On September 20, 2016, the PCRA court granted counsel permission to withdraw and formally dismissed appellant's petition without a hearing. The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On December 5, 2016, the PCRA court filed a Rule 1925(a) opinion in support of its September 20, 2016 order.

Although the issues raised in appellant's brief are comprised primarily of boilerplate or vague assertions of error, the crux of appellant's argument is that the PCRA court erred in dismissing his petition as untimely because he presented a viable "newly-discovered facts" exception to the time-bar. (*See* appellant's brief at 8-17.) For the following reasons, we disagree.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super.

---

[3] Pursuant to Pa.R.A.P. 905(a)(5), "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Accordingly, we deem appellant's appeal as properly filed.

2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Here, the record reveals that appellant's judgment of sentence became final on March 13, 2008, 90 days after our supreme court denied appellant's petition for allowance of appeal and the time for filing a petition for writ of ***certiorari*** with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review."). Thus, in order to comply with the filing requirements of the PCRA, appellant was required to file his petition by March 13, 2009. ***See*** 42 Pa.C.S.A. § 9545(b)(1) (stating that all PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final). Appellant's petition, which was filed over six years past the deadline, is patently untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

The three PCRA time-bar exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials

> > with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Instantly, appellant invokes the "newly-discovered facts" exception to the PCRA time-bar in the form of a four-page "affidavit" from Commonwealth witness Bobby Scott wherein he recants the testimony he gave at trial. (**Pro se** PCRA petition, 7/6/15 at 2-4.)[4] Specifically, at trial, Scott testified that the evening of the shooting, he was inside the victim's car smoking marijuana when he heard a gunshot and jumped up. (Notes of testimony, 1/5/06 at 121-124.) Scott testified that at that point, his cousin, Michael Farrell, ran up to the car, got in, and drove him and two other individuals to the hospital where the victim had been taken by appellant. (**Id.** at 125-129.) Scott further testified that prior to the shooting, he had

---

[4] The record reflects that Bobby Scott's affidavit was executed on March 30, 2015, and was received by appellant on July 2, 2015. As noted, appellant filed the instant PCRA petition four days later, on July 6, 2015.

observed appellant in possession of a firearm. (*Id.* at 130.) In his affidavit, Scott recants the testimony he gave at trial and contends that the District Attorney threatened him with solitary confinement if he did not testify that Farrell told him that appellant had shot the victim. (*Id.*, Exhibit at ¶¶ 4-12.)

Our supreme court has long recognized that,

> [w]hen seeking a new trial based on alleged after-discovered evidence in the form of recantation testimony, the petitioner must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. Johnson*, 966 A.2d 523, 541 (Pa. 2009) (citations omitted). We further note that, as a general matter, recantation evidence "is notoriously unreliable, particularly where the witness claims to have committed perjury." *Commonwealth v. D'Amato*, 856 A.2d 806, 825 (Pa. 2004).

Upon review, we agree with the PCRA court that appellant cannot prove, by a preponderance of the evidence, that the aforementioned four factors are satisfied in this case. (*See* PCRA court opinion, 12/5/16 at 5-6.) Notably, appellant has failed to establish that Scott's recantation is of such a nature that it would compel a different verdict. Even a cursory review of the record demonstrates that there was ample evidence for the jury to find appellant guilty of first-degree murder, irrespective of Scott's recantation

testimony and that said testimony was not of critical importance to the jury in rendering its verdict. This is especially true given the fact the evidence at trial established that appellant acknowledged shooting the victim, albeit allegedly by accident; there was animosity between appellant and the victim; appellant attempted to hide the firearm used to shoot the victim; and appellant gave the police a false name at the hospital and fled Philadelphia before he could be questioned further. (**See** PCRA court opinion, 2/7/12 at 1-4.)

Accordingly, appellant has failed to show that his untimely petition satisfies the newly-discovered facts exception to the statutory one-year time-bar. Therefore, we conclude that the PCRA court lacked jurisdiction to consider the merits of appellant's claim and discern no error on the part of the PCRA court in dismissing appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2017